# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN MCCLARNON,                       ) | |
|                                        ) | |
|     Plaintiff,     ) | Civil Action No. 20-779 |
|                                        ) | District Judge Robert J. Colville |
|     v.             ) | Magistrate Judge Maureen P. Kelly |
|                                        ) | |
| BOROUGH OF VANDERGRIFT, KATHY          ) | |
| CHVALA, JOHN USKURAITIS, THOMAS        ) | |
| HOLMES, LENNY COLLINI, JOSEPH M.       ) | |
| CAPORALI, NATHAN RIGATTI,              ) | |
| WILLIAM MOORE, and TIMOTHY             ) | |
| TURNER,                                ) | |
|                                        ) | |
|     Defendants.    ) | |

## REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that the Second Amended Complaint filed in the above-captioned case, ECF No. 35, be dismissed for failure to prosecute.

### II.   REPORT

Plaintiff Karen McClarnon ("McClarnon"), a former elected member of the Vandergrift Borough Council, brings this action pursuant to 42 U.S.C. § 1983 against the Borough of Vandergrift ("Vandergrift" or "Borough"), four members of the Vandergrift Borough Council ("Borough Council"), Vandergrift's Chief of Police, two Vandergrift police officers, and a Vandergrift resident. McClarnon alleges that Defendants violated her rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. She also asserts state law claims for assault, battery, defamation, and negligence. ECF No. 35.

On January 6, 2022, this Court entered a Report and Recommendation, recommending that Defendants' Motions to Dismiss be granted in part and denied in part, and that certain of Plaintiff's

claims be dismissed with prejudice.  ECF No. 80.  On January 20, 2022, Defendants timely filed objections to the Report and Recommendation, ECF Nos. 81, 82, and Plaintiff was required to file a response, if any, by February 4, 2022. Plaintiff requested and was granted an extension of time to file her responses by March 7, 2022. ECF Nos. 83, 84.

On February 1, 2022, Plaintiff's counsel filed a Motion to Withdraw as Attorney asserting that the professional relationship between counsel and Plaintiff had deteriorated to such a degree that representation was no longer feasible. ECF No. 85. The Court deferred disposition of the Motion to Withdraw to permit Plaintiff time to retain new counsel. ECF No. 86. Plaintiff was granted 45 days to locate replacement counsel, and the deadline for a response to the pending objections was stayed for 45 days. Id. Plaintiff's counsel filed a Certificate of Service on the docket stating that delivery of the Court's Orders was made to Plaintiff via email and the United States Postal Service at Plaintiff's home address. ECF No. 88.

Upon the expiration of forty-five days, the Court scheduled a telephonic status conference to be held on April 4, 2022, and ordered Plaintiff to appear by telephone to advise the Court whether new counsel had been located. ECF No. 89. Notice of the conference was sent to Plaintiff by the Court and by Plaintiff's counsel at all known email and home addresses.  See Court Staff Docket Entry (March 23, 2022); and see ECF No. 91. Plaintiff appeared by telephone and presented good cause for a further extension of the stay. ECF No. 92. The Court extended the deadlines to July 5, 2022, for Plaintiff to locate replacement counsel and to respond to the pending objections.  ECF No. 92. Plaintiff also agreed to the withdrawal of one of her counsel due to his retirement. Id. Thereafter, the Court granted Attorney Lafferty's Motion to Withdraw as Attorney, ECF No. 93, and set the date for a telephonic status conference on July 6, 2022. Plaintiff was informed of her required attendance. ECF No. 92.

Plaintiff failed to appear at the scheduled telephone status conference held July 6, 2022, and the docket reflects that substitute counsel, if any, had not entered an appearance on Plaintiff's behalf. ECF No. 98. The Court ordered Plaintiff's remaining counsel to provide the Court with all known addresses for Plaintiff, and the case remained stayed for an additional sixty days. Id. The Court entered an Order to Show Cause on July 7, 2022, directing Plaintiff to show good cause by September 7, 2022, why this action should not be dismissed for failure to prosecute. Court docket entries reflect that the Order to Show Cause was served on Plaintiff by mail and email at all known addresses. In addition, the Court granted counsel's Motion to Withdraw as Attorney. ECF No. 85, 99. Notice of this Order was served on Plaintiff at all available addresses. ECF No. 101.

To date, Plaintiff has failed to respond or give any other indication that she wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1)     The extent of the party's personal responsibility.

(2)     The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3)     A history of dilatoriness.

(4)     Whether the conduct of the party or the attorney was willful or in bad faith.

(5)     The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6)     The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

3

Factors Nos. 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders and failure to notify the Court of any change of address so that the case could proceed, which weigh heavily against her.  Plaintiff's failure to appear at the scheduled status conference and to respond to the Court's orders was not only solely her personal responsibility but her failure to do so appears willful and constitutes a history of dilatoriness.

With respect to the Factor No. 2 – the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders – other than the expense of filing a motion seeking dismissal of the case, the pending objections, and appearing at various status conferences, there appears to be no specific prejudice to Defendants other than general delay. That said, this action was filed in 2020 and after the passage of two years, remains at the pleadings stage due to Plaintiff's failure to inform the Court whether she will proceed without counsel, or that she has located replacement counsel. Factor No. 6 – the meritoriousness of the claim – will be weighed in favor of Plaintiff given the recommended denial of Motions to Dismiss certain of her many claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since Plaintiff is currently unrepresented and must proceed *pro se* if at all, it does not appear that monetary sanctions are appropriate.  Plaintiff's failure to comply with the Court's orders and her failure to appear at a scheduled status conference have prevented this case from proceeding and indicate that Plaintiff has no serious interest in pursuing this case.  It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek v. Rigatti, 964 F.2d at 1373. Accordingly, it is respectfully recommended that the Second Amended Complaint filed in the above-captioned case be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72.D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report   and

Recommendation.  Objections are to be submitted to the Clerk of Court, United States District

Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will

constitute a waiver of any appellate rights.  <u>Siers v. Morrash</u>, 700 F.3d 113, 116 (3d Cir. 1983).

<u>See</u> <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).   Any party opposing objections

may file their response to the objections within fourteen (14) days thereafter in accordance with

Local Civil Rule 72.D.2.

Respectfully submitted,

MAUREEN P. KELLY
United States Magistrate Judge

Dated: September 20, 2022

cc:     The Honorable Robert J. Colville
        United States District Judge

        All counsel via CM/ECF

        Karen McClarnon
        Apartment A
        424 ½ Hancock Avenue
        Vandergrift, PA 15690

        Karen McClarnon
        520 Hancock Avenue
        Vandergrift, PA 15690

        Karen McClarnon via email